IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELLY L. BRYANT,<br><br>*Plaintiff,*<br><br>v.<br><br>RICH FITZGERALD and FLORIDA DEPARTMENT OF REVENUE,<br><br>*Defendant.* | Civil Action No. 2:20-cv-686<br><br>Hon. William S. Stickman IV |

## MEMORANDUM ORDER

For years, the *pro se* Plaintiff has unsuccessfully sued various individuals and entities regarding his child support payments in state and federal courts. His latest lawsuit, filed in this Court in May 2020, is brought under 42 U.S.C. § 1983. Plaintiff alleges violations of his rights to due process and equal protection. According to Plaintiff, "Allegheny County" opened a child support case against him in the early nineties without notice or service. He alleges he never appeared before "any Judge" and "paternity was never established," and he takes issue with court orders from the Family Division of the Allegheny County Court of Common Pleas from 1994 that established his paternity for two children and set child support payment schedules. When he failed to pay child support, arrears were set at $28,989.00 in October of 2008. According to Plaintiff, the state court never had jurisdiction over him. Plaintiff further states that child support stopped in 2008, and the Florida Department of Revenue has continued to garnish his "employment check" since April of 2014 for "40,000.00 plus" in the "State of Georgia without Jurisdiction to do so." (ECF No. 1, pp. 3-4, 7-8). He submits that he was at some point "held in jail for 54 days [...]." (ECF No. 1, p. 4). While brought under the guise of 42 U.S.C. § 1983

1

here, Plaintiff has advanced the exact same claims in this Court in 2010 before the Honorable Donetta W. Ambrose at 2:10-cv-01272 as well as in 2017 in the Northern District of Georgia at 1:17-cv-00096. Notably, at 1:17-cv-00096, his claims were deemed frivolous pursuant to 28 U.S.C. § 1915(e)(2). Defendant Allegheny County Executive Rich Fitzgerald ("Fitzgerald") filed a Motion to Dismiss for Failure to State a Claim, which the parties have briefed. (ECF Nos. 16, 17, and 22). For the following reasons, Plaintiff's Complaint will be dismissed with prejudice.

## I. STANDARD OF REVIEW

### A. *Motion to Dismiss pursuant to Rule 12(b)(6)*

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the Court is not deciding whether a plaintiff is likely to prevail on the merits; instead, a plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed under Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court must accept as true all well-pled factual allegations in the complaint and view them in a light most favorable to the plaintiff in making this determination. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). Because Plaintiff is proceeding *pro se*, his pleadings are liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

### B. *Dismissal pursuant to 28 U.S.C. § 1915(e)(2)*

28 U.S.C. § 1915(e)(2) requires that a district court review pleadings filed by individuals who are granted *in forma pauperis* status and mandates that "the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law." *Stackhouse v. Crocker*, 266 F.App'x. 189 (3d Cir. 2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a *pro se* plaintiff's complaint must be liberally construed, *see Erickson*, 551 U.S. at 94, and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a *pro se* complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to *pro se* complaints). Factual allegations that are "fanciful," "fantastic," and "delusional" are considered "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

## II. ANALYSIS

Giving Plaintiff's Complaint the most liberal construction, it is nonetheless frivolous under § 1915(e)(2)(B)(i). Plaintiff continues to make fanciful, fantastic and/or extraordinary claims against various individuals and entities. He is no stranger to filing frivolous lawsuits in

3

federal court. This case is a continuation of his unsuccessful attempt to overturn child custody payment decisions made in 1994 in state court and garnishment decisions made thereafter. Plaintiff has merely changed the name of the involved defendants and invokes a different statute, § 1983, in his quest to re-litigate the same claims that he already litigated in federal court in 2010 and 2017. The alleged facts at issue remain unchanged. Also unchanged is that Plaintiff's claims continue to implicate the *Rooker-Feldman* doctrine.[1] He is dissatisfied with state court decisions and he wants the Court to void state court orders from Pennsylvania, Georgia and Florida. *Rooker-Feldman* bars the Court from doing so as does the fact that the Court is without the authority to intervene in ongoing state court proceedings. This case is the very definition of a frivolous lawsuit – it lacks any arguable basis in either law or fact.

Plaintiff has failed to state a viable claim under § 1983, and dismissal pursuant to Rule 12(b)(6) and § 1915(e)(2)(B)(ii) is appropriate. Section 1983 provides for redress for violations of federal constitutional rights committed by state officials. It is not a source of substantive rights, but is merely a means through which to vindicate violations of federal law committed by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). To obtain relief under § 1983, a plaintiff must make a two-prong showing: (1) that he suffered a violation of a right secured by the Constitution and laws of the United States; and, (2) that the alleged deprivation was committed by a person acting under the color of state law. *See Karns v. Shanahan*, 879 F.3d 504, 520 (3d Cir. 2018) (citations omitted). Plaintiff has completely failed to do so.

---

[1] The *Rooker–Feldman* doctrine prevents federal courts from sitting as appellate courts for state court judgments. "[T]here are four requirements that must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (cleaned up).

In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has made no allegations describing how the named Defendants were personally responsible for any alleged constitutional violations.

The Complaint falls woefully short of facts that suggest Fitzgerald was personally involved in the alleged constitutional violations or had actual knowledge of and acquiesced to a subordinate's violation. Indeed, Plaintiff has set forth no averments as to the personal participation, direction, or actual knowledge and acquiescence by Defendant Fitzgerald in the events surrounding the alleged violations of federal law and/or the constitution.

Furthermore, to the extent that Plaintiff is seeking to impose liability on the Florida Department of Revenue itself, he must state facts that plausibly establish that an official policy, practice, or custom of the Florida Department of Revenue was the "moving force" behind the alleged violation of his federal rights. *See generally City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-90 (1989); *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981); *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). He has not done so. The allegations in the Complaint fail to identify a particular policy or custom that was violated and they fail to assert that the conduct which allegedly violated Plaintiff's rights was caused by a Florida Department

of Revenue policy or custom. For these reasons, Plaintiff has failed to state any plausible basis for imposing liability on Defendants pursuant to § 1983.

Any amendment would be futile in the eyes of the Court. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility). Plaintiff cannot allege any facts to establish plausible claims against Rich Fitzgerald or the Florida Department of Revenue. Moreover, the Court will not permit Plaintiff to use § 1983 as a means to gain relief on claims that have already been deemed meritless and frivolous by other district courts. Plaintiff's case is essentially another appeal from unfavorable judgments issued by state and federal courts seeking review and rejection of those judgments on the grounds that they were issued without jurisdiction and/or in violation of his rights.

### III. CONCLUSION

AND NOW, this 8th day of February 2021, IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). All pending motions (ECF Nos. 16 and 19) are terminated as MOOT. The Clerk of Court is directed to mark this CASE CLOSED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

6